FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 17 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OMAR B. LAMONT,

                              Plaintiff(s),

-against-

THE CITY OF NEW YORK; POLICE OFFICER,
SOO-HO; DISTRICT ATTORNEY OF QUEENS
COUNTY; ANGELA I. ABAD, and OTHER
UNKNOWN POLCE OFFICERS OF THE NEW
YORK CITY POLICE DEPARTMENT,

                              Defendant(s).
-----------------------------------------------------------------X

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED,

SUMMONS ISSUED

CV-12 2478

KUNTZ, J.

AZRACK, M.

COUNT ONE

1.    Plaintiff, Omar B. Lamont complains of the defendants, THE CITY OF NEW YORK, POLICE OFFICER, SOO-HO, DISTRICT ATTORNEY OF QUEENS COUNTY and ANGELA I. ABAD, AND OTHER UNKNOWN POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, that they violated certain civil rights guaranteed to the plaintiff through the false arrest, malicious prosecution, excessive force, and the infliction of the intentional infliction of mental distress, and the assault and battery, and slander brought upon the plaintiff, Omar B. Lamont, by The City of New York, certain police officers of The City of New York, including Police Officer, Soo-Ho, the arresting officer, all done without probable cause and all in violation of the plaintiff's, Omar B. Lamont's Civil Rights, pursuant to 42 U.S.C. Sec. 1983.

JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. Sec. 1983. This court's jurisdiction is invoked pursuant to this statutory section. The pendent jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367.

1

## PARTIES

3.  The plaintiff, Omar B. Lamont was at all times relevant a citizen of the United States and a resident of Pike County, State of Pennsylvania.

4.  The City of New York was at all times relevant a municipal corporation with its immediate headquarters in New York County, New York.

5.  Police Officer, Soo-Ho was at all times relevant, a Police Officer employed by the New York City Police Department in Queens County, State of New York.

6.  The District Attorney of Queens County was at all times relevant a law enforcement agency of the City of New York located in Queens County, State of New York.

7.  Angela I. Abad, was at all times relevant, a resident of Queens County, State of New York

## FACTS AND BACKGROUND

8.  The plaintiff, Omar B. Lamont has at all times relevant to this case resided at 371 Saw Creek Estate, Buskill, Pennsylvania.

9.  This case began on December 29, 2011 when Police Officer, Soo-Ho came to the plaintiff's place of employment, where he had worked as a manager of the Waldbaums located in Francis Lewis Boulevard in Queens for some years. The Police Officer came with the plaintiff's photograph and enquired with the Assistant Manager, Rich Gadde, as to his whereabouts and communicated that she was looking to arrest the plaintiff.

10. Thereafter, on or about January 4, 2012, that same Police Officer called the plaintiff's wife and asked his wife to contact the police and call the Officer. The plaintiff's wife told the plaintiff to call the Officer and that same day, Omar B. Lamont returned the officer's call. The plaintiff's wife is named Dilcia Lamont. Thereafter, on January 12, 2012, the plaintiff

surrendered to the same Officer, Soo-Ho, in the Police Precinct in Flushing Queens. At that precinct, the plaintiff was handcuffed, fingerprinted and photographs were taken and the plaintiff was transported to Central Booking in Kew Gardens, Queens. The plaintiff was incarcerated until almost midnight of that same day.

11. The plaintiff was released by the District Attorney's office on the ground that they had no case as a result of this arrest and complaint and the matter was dismissed prior to the criminal court arraignment.

12. The charge against the plaintiff was slashing his former girlfriend's Angela I. Abad's tire.

13. Previous to this event, the plaintiff had been arrested again, upon the word of Angela I. Abad. Ms. Abad and the plaintiff had lived together until March 25, 2011 at 119-02 14th Avenue, College Point, NY 11350. Angela I. Abad and the plaintiff split the rent at that time. The plaintiff had purchased on his own, the entire bedroom set, the living set, the dining room set, the television and stereo.

14. The plaintiff prior to going to his former premises to retrieve his possessions, called Angela Abad on his cell phone and on that phone conversation with Angela Abad, Angela Abad stated that she was going to accuse the plaintiff of burglary and get him arrested should he come to the house. The plaintiff let himself in the house with one key and the other door was open. When he arrived, he took the possessions that he owned personally. The plaintiff arrived in his Honda automobile between 2:00 and 3:00 p.m.

15. The police subsequently went to the plaintiff's place of employment at Waldbaums, Queens and the plaintiff was taken to the 109th precinct where the plaintiff was arrested and held.

3

Subsequently, those charges were reduced to Disorderly Conduct §240.20 of the Penal Law, a violation, not a crime and the matter was sealed.

16. The plaintiff has been subject to a pattern of malicious prosecution, false arrests, excessive force in these arrests, and has been subject to slander, defamation, and the intentional infliction of mental distress.

17. The plaintiff was humiliated in the course of the pattern of these events and arrests and suffers from constant anxiety, depression, and loss of sleep. The police Officer, Soo-Ho and the City of New York, involved in these arrests, and in particular, the second arrest, the subject and object of this Civil Rights Complaint failed to properly investigate and corroborate Ms. Abad's story. This case is premised and based on the arrest, incarceration and subsequent release of the plaintiff on January 12, 2012. The first arrest constitutes background material.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE CITY OF NEW YORK

18. Paragraphs 1-17 are incorporated herein by reference.

19. The City of New York, through The New York City Police Department, has engaged in a pattern of illegal and false arrests, without probable cause, for some time against a large number of individuals. The City of New York, through The New York City Police Department, has had a custom and policy of making illegal and false arrests with excessive force, without probable cause, in violation of those persons civil rights. Those arrests have been dismissed in court.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS,POLICE OFFICER SOO-HO THE CITY OF NEW YORK AND ANGELA ABAD

20. Paragraphs 1-19 are incorporated herein by reference.

4

21. Mr. Lamont, as a result of his arrest, without probable cause, perpetrated by a number of Officers, including Officer, Soo-Ho, was falsely arrested, completely without probable cause. The City of New York, because of its custom and policy of tolerating this particular type of false arrest, condoned and participated in the false arrest of the plaintiff, Omar Lamont.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER SOO-HO, THE CITY OF NEW YORK AND ANGELA ABAD

22. Paragraphs 1-21are incorporated herein by reference.

23. This arrest of the plaintiff, Omar B. Lamont, the search of him by officers of the New York City Police Department, and the handcuffing of him, constituted excessive force and the tort of assault and battery. Since the arrest was totally without legal foundation and should not have occurred, the City of New York through its custom, policy and toleration of this type of police conduct, participated in, and condoned the excessive force used and inflicted on the plaintiff, Omar Lamont.

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER SOO-HO THE CITY OF NEW YORK, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE AND ANGELA ABAD

24. Paragraphs 1-23 are incorporated herein by reference.

25. The named defendants herein, all acting together, and in conspiracy, intentionally caused the plaintiff, Omar B. Lamont, great mental suffering, including loss of sleep, depression, humiliation, and anxiety. This infliction of mental distress was outrageous and beyond the bounds of civilized conduct.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE

26. Paragraphs 1-25 are incorporated herein by reference.

27. The prosecution of the plaintiff, Omar B. Lamont, and his being forced to appear in court, was a malicious prosecution without legal basis.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR SLANDER AND DEFAMATION AGAINST ALL DEFENDANTS

28. Paragraphs 1-27 are incorporated herein by reference.

29. Plaintiff, Omar B. Lamont, was subject to slander and defamation in all the actions of the Police Department and the Queens County Police Department in this matter, in going to his place of business, thereby defaming his reputation in the course of these two arrests, both of which ended in dismissal and were sealed.

WHEREFORE, plaintiff, Omar Lamont, requests that this Court:

(a) Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000;

(b) Award punitive damages against the defendants jointly and severally in the amount of $5,000,000;

(c) Award cost of action, including attorney's fees, to plaintiff;

(d) Award such other and further relief as this Court may deem appropriate;

A jury trial is demanded.

Dated: Jericho, New York
May 7, 2012

Andrew J. Schatkin
LAW OFFICES OF ANDREW J. SCHATKIN
Attorney for Plaintiff
350 Jericho Turnpike
Jericho, NY 11753
(516)932-8120